**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEVADA**

Robert Wardi,

Plaintiff

vs.

Great Plumbing Service LLC, *et al.*,

Defendants.

Case No. 2:25-cv-02589-JAD-MDC

**ORDER GRANTING MOTIONS (ECF NOS. 22, 24, 25) AND TO SHOW CAUSE**

Plaintiff filed a *Motion to Amend* (ECF No. 22) his Complaint, *Motion to Compel Discovery* (ECF No. 24), and *Motion to Extend Discovery Deadlines* (ECF No. 25) (collectively "Motions"). The Court **GRANTS** the Motions. The Court also **ORDERS** defendants and their counsel Kevin Boyle, Esq. to **SHOW CAUSE** for why they should not be sanctioned for failing to comply with the Court's 06/25/26 Scheduling Order (ECF No. 19) and 02/26/2026 Standing Order (ECF No. 5). The reasoning is as follows.

## I. THE MOTIONS

### a. *Motion to Amend*

In his *Motion to Amend*, plaintiff seeks to amend his Complaint and attaches his proposed amended Complaint, which "adds allegations reflecting the fact that the EEOC issued Notices of Right to Sue concerning Plaintiff's EEOC charges against the Defendants." *ECF No. 22* at 2; *see ECF No. 22-2*. Defendants did not oppose plaintiff's request to amend. The Court also finds that good cause exists to grant amendment. Federal Rule of Civil Procedure ("Rule") 15 provides that "[t]he court should freely give leave when justice so requires." *Id.* Generally, the Ninth Circuit has held that Rule 15(a) should be "applied with extreme liberality." *Eminence Capital, LLC v. Aspeon, Inc.*, 316 F.3d 1048, 1051 (9th Cir. 2003). "Five factors are taken into account to assess the propriety of a motion for leave to amend: bad

faith, undue delay, prejudice to the opposing party, futility of amendment, and whether the plaintiff has previously amended the complaint." *Desertrain v. City of Los Angeles*, 754 F.3d 1147, 1154 (9th Cir. 2014) (citing *Johnson v. Buckley*, 356 F.3d 1067, 1077 (9th Cir. 2004)); *see also Eminence Capital, LLC,* 316 F.3d at 1052 ("undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, futility of amendment, etc.") (citing *Foman v. Davis,* 371 U.S. 178, 182 (1962)).

The Court finds that the factors above favor amendment. There is no apparent bad faith or undue delay in his Motion. The amendments do not prejudice defendants, nor are they futile. This would also be the first time that plaintiff would have leave of the Court to amend his Complaint. For good cause shown and because plaintiff's request is unopposed (*see* LR 7-2(d)), the Court grants his *Motion to Amend*. *See* Fed. R. Civ. P. 15(a)(2). Plaintiff shall file his proposed amended Complaint no later than **November 4, 2026**. He must also serve the amended Complaint to defendants by the same date.

**b. *Motion to Compel Discovery* and *Motion to Extend Discovery Deadlines***

Plaintiff filed these two motions because defendants have not been participating in the discovery process in this case. The Discovery Plan and Scheduling Order in this case set the Initial Disclosure deadline on or before June 5, 2026. On June 5, 2026, plaintiff served his initial disclosures to defendant. Defendants did not serve their "preliminary initial disclosures" to plaintiff until June 25, 2026, which plaintiff further argues did not comply with Rule 26. *ECF No. 24* at 2.

Defendants and Mr. Boyle failed to respond to plaintiff's various meet-and-confer attempts and proposed stipulation regarding discovery dispute regarding initial disclosures or extending the pretrial deadlines. *See id.* at 2-4. They also failed to file any response to plaintiff's requests on behalf of defendants. Plaintiff thus now seeks to compel defendants to supplement their initial disclosures and for the pending pretrial deadlines in this case to be extended 90 days. *ECF Nos. 24*, *25*. Plaintiff also

requests an award of reasonable fees and expenses in preparing the *Motion to Compel Discovery*. *ECF No. 24*.

Plaintiff has made good faith efforts to meet-and-confer with defendants and to comply with the Court's 02/26/2026 Standing Order in addressing these discovery disputes. For good cause shown and because *Motion to Compel Discovery* and *Motion to Extend Discovery Deadlines* are unopposed (*see* LR 7-2(d)), the Court grants his requests. Defendants are compelled to supplement their initial disclosures by **November 11, 2026**. The pretrial deadlines are also extended as follows:

> Discovery Deadline: **January 19, 2027**
>
> Amending Pleadings and Adding Parties Deadline: **October 21, 2026**[1]
>
> Initial Disclosure of Experts Deadline: **November 23, 2026**
>
> Disclosure of Rebuttal Expert Deadline: **December 22, 2026**
>
> Dispositive Motion Deadline: **February 18, 2027**
>
> Joint Pretrial Order Deadline: **March 22, 2027**. If dispositive motions are filed, the deadline for filing the joint pretrial order will be suspended until 30 days after decision on the dispositive motions or further court order. The disclosures required by Federal Rule of Civil Procedure 26(a)(3) and any objections to them must be included in the joint pretrial order.

Moreover, plaintiff shall file a declaration supporting the amount of counsel's reasonable fees and expenses incurred in preparing the *Motion to Compel Discovery* by **November 4, 2026**, and defendants may respond by **November 11, 2026**.

## II. ORDER TO SHOW CAUSE

The Court also issues an Order to Show Cause against defendants and Mr. Boyle for why they should not be sanctioned under Rule 16(f) for failing to follow the 06/25/26 Scheduling Order (ECF No. 19) and the 02/26/2026 Standing Order (ECF No. 5), which directs parties to meet-and-confer to address

[1] Plaintiff timely filed his *Motion to Amend* on July 23, 2026 (ECF No. 22).

discovery disputes. Parties are required to follow court orders. *Hinostroza v. Denny's Inc.*, No. 2:17-cv-02561-RFB-NJK, 2019 WL 236714, at *2 (D. Nev. January 16, 2019). The Court has "broad discretion to impose sanctions" when a party does not obey an order. *Official Airline Guides, Inc. v. Goss,* 6 F.3d 1385, 1397 (9th Cir. 1993). The Court also has wide authority to impose sanctions. The Court can impose sanctions pursuant to Rule 16(f)(1)(C) of the Federal Rules of Civil Procedure. Under that rule, the Court may impose sanctions when a party "fails to obey a scheduling or other pretrial order." *Id.* A finding of bad faith under Rule 16 is not required. Sanctions per Rule 16 may be imposed even when disobedience is unintentional. *See Lucas Auto. Eng'g, Inc. v. Bridgestone/Firestone, Inc.*, 275 F.3d 762, 769 (9th Cir. 2001). The Court may also impose "any and all appropriate" sanctions pursuant to Local Rule IA 11-8. *Id.* Finally, the Court may impose sanctions pursuant to its inherent powers. *See Chambers v. NASCO, Inc.*, 501 U.S. 32, 49, n. 13 (1991).

Defendants and their counsel shall file response to this Order by **November 11, 2026**, showing cause, if any, why they should not be sanctioned for violating the Court's 06/25/26 Scheduling Order (ECF No. 19) and 02/26/2026 Standing Order (ECF No. 5). Defendants and their counsel are cautioned that failure to show cause as directed by the Court or to otherwise comply with this Order may include case terminating sanctions and Mr. Boyle being referred to the State Bar of Nevada for further discipline.[2]

## III. CONCLUSION AND ORDER

Plaintiff's Motions are granted as outlined in this Order. Defendants and Mr. Boyle are also ordered to show cause for why they should not be sanctioned for violating the Court's 06/25/26 Scheduling Order and 02/26/2026 Standing Order.

//

[2] The record demonstrates mounting episodes of contemptuous conduct by defendants and Mr. Boyle. *See ECF Nos. 21*, *23*, *32*, *34*, *35*.

ACCORDINGLY,

**IT IS ORDERED** that:

1. Plaintiff's *Motion to Amend* (ECF No. 22), *Motion to Compel Discovery* (ECF No. 24) and *Motion to Extend Discovery Deadlines* (ECF No. 25) are **GRANTED**.

2. Plaintiff shall file the proposed amended Complaint no later than **November 4, 2026**. He must also serve the amended Complaint to defendants by the same date.

3. Defendants are compelled to supplement their initial disclosures to **November 11, 2026**, including disclosing to plaintiff:

   i. The specific identities (including name and contact information) and along with the subjects of that information for each witness Defendants' have claimed to have discoverable information relevant to the claims at issue in this case.

   ii. Producing a copy or description and location of all documents, electronically stored information, and tangible things that the disclosing party has in its possession, custody, or control and may use to support its claims or defenses, unless the use would be solely for impeachment

   iii. Producing a computation of each category of damages claimed by Defendants/Counterclaimants with the information reasonably available to them.

4. The pretrial deadlines in this case are extended as outlined in this Order.

5. Plaintiff shall file a declaration supporting the amount of their fees and expenses incurred in preparing the *Motion to Compel Discovery* by **November 4, 2026**, and defendants may respond by **November 11, 2026**.

6. Defendants and their counsel Kevin Boyle, Esq. shall file a response to this Order by **November 11, 2026**, showing cause, if any, why they should not be sanctioned for violating the Court's 06/25/26 Scheduling Order (ECF No. 19) and 02/26/2026 Standing Order (ECF No. 5).

7. Defendants and Mr. Boyle's failure to show cause as directed by the Court or to otherwise comply with this Order may lead to sanctions that include case terminating sanctions and Mr. Boyle being referred to the State Bar of Nevada for further discipline.

Dated: October 28, 2026.

IT IS SO ORDERED.

_______________________________
Hon. Maximiliano D. Couvillier, III
United States Magistrate Judge